IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFF JACKSON, #348236　　　　　　　　　＊
 a/k/a GARY JONES
　　　Petitioner,　　　　　　　　　　　　＊

　　　v.　　　　　　　　　　　　　　　　＊　　Civil Action No. DKC-15-462

RICHARD J. GRAHAM, WARDEN, *et al*.　　＊
　　　Respondent.
　　　　　　　　　　　　　　　　　　＊＊＊＊＊

# MEMORANDUM OPINION

Petitioner Jeff Jackson, an inmate now confined at the Eastern Correctional Institution in Westover, Maryland, filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. After review, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2014); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For reasons set forth below, the Petition is denied and dismissed as time-barred.

## BACKGROUND

On February 18, 2015, Jackson filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The petition is dated February 7, 2015, and shall be deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 270-76 (1988); *United States v. McNeill*, 523 Fed. Appx. 979, 983 (4th Cir. 2013); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule.)

The Petition challenges Jackson's 2008 conviction in the Circuit Court for Cecil County for possession of heroin with the intent to distribute. Respondents have filed a court-ordered

Answer seeking dismissal of the Petition premised on the argument that Jackson's claims are time-barred. Jackson has filed a reply.

## DISCUSSION

**I.      Petition**

A jury sitting in the Circuit Court for Cecil County found Jackson guilty of one count of possession of heroin with the intent to distribute. ECF No. 4-1 & ECF No. 4-2. Jackson filed a direct appeal to the Court of Special Appeals of Maryland. *Id*. On April 16, 2010, the Court of Special Appeals affirmed Jackson's conviction. The mandate was issued on May 17, 2010. ECF No. 4-2. On August 23, 2010, the Court of Appeals of Maryland denied Jackson's petition for a writ of certiorari. He did not file a petition for certiorari in the Supreme Court. Therefore, his judgment of conviction became final on or about November 22, 2010, when the 90-day period for filing a petition for writ of certiorari with the Supreme Court expired. *See* Supreme Court Rule 13.1 (requiring petition for writ of certiorari to be filed within ninety days of date of judgment from which review is sought); *Clay v. United States,* 537 U.S. 522, 525 (2003) (state judgment becomes final for habeas purposes when the time expires for filing a petition for writ of certiorari to the Supreme Court or ninety days following the decision of the state's highest court).

Twenty-nine months later, on April 22, 2013, Jackson filed a petition for post-conviction relief in the Circuit Court for Cecil County. A post-conviction hearing was held on January 17, 2014. The petition was denied on October 1, 2014. The Circuit Court further denied Jackson's post-judgment motion and his motion to reopen post-conviction proceedings. ECF No. 4-1. According to Respondent, Jackson's application for leave to appeal the denial of post-conviction

relief remains pending. The updated state docket shows that the Court of Special Appeals mandate was issued on February 11, 2016.

In his Petition to this Court, Jackson claims he has been denied his right to effective assistance of trial counsel because counsel: failed to raise objections to the trial court's erroneous reasonable doubt instruction and the trial court's failure to give an "advisory only" jury instruction, failed to preserve Jackson's objection to the racial composition of the jurors, and failed to specify Jackson's request to voir dire the jurors about their religious beliefs. Jackson additionally claims that post-conviction counsel failed to: produce material eye witnesses, properly articulate the issues supporting Jackson's claims, request a "mere presence" jury instruction, and argue that Brady errors supported Jackson's actual innocence. ECF No. 1.

### A. Limitations Period

Respondents argue that the Petition is time-barred. Jackson's conviction became final on November 22, 2010, and the one-year statute of limitations period expired on November 22, 2011. Respondents argue that because Jackson had no post-conviction or other collateral proceeding pending in state court during that time period, there was no tolling of the limitation period. A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in state court. See 28 U.S.C. § 2244(d). Section 2244(d) provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Because Jackson did not file a petition for writ of certiorari with the Supreme Court, under a strict construction, the one-year limitations period began to run on the date of the expiration of the time for seeking certiorari or November 22, 2011. *See* 28 U.S.C. § 2244(d)(1)(A). He therefore had one-year from that date to file his § 2254 petition. As the one year period was allowed to lapse without the filing of a collateral review proceeding to toll the statutory time period, Jackson's Petition is time-barred.

In his reply, Jackson states that neither a procedural default nor the one-year statute of limitations will bar a prisoner from seeking habeas relief if the Petition involves questions of either ineffective assistance of post-conviction counsel or a claim of actual innocence. He contends that post-conviction attorney error, which caused a procedural default, is a valid excuse for the equitable tolling of the limitations period under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) and *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). ECF No. 5.

It is true that under certain circumstances the AEDPA's statute of limitations may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott,* 221 F.3d 686, 687-88 (4th Cir. 2000); *see also Wall v. Kholi,* 562 U.S. 545, 549 (2011). The Fourth Circuit has consistently held that a party seeking to avail itself of equitable tolling must show (1) extraordinary circumstances, (2) beyond his control or external to

his own conduct, (3) prevented him from filing on time. *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Further, to be entitled to equitable tolling a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010), citing *Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005).

Jackson's equitable tolling argument fails. *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), does not concern equitable tolling, but only addresses the excuse of a procedural bar. *Martinez* held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id*. at 1320. It provides no foundation for an equitable tolling argument.

In *McQuiggin v. Perkins,* 133 S.Ct. 1924 (2013), the Supreme Court held that federal courts have equitable authority to invoke the miscarriage of justice exception to overcome expiration of the statute of limitations governing a first federal habeas petition. *Id.* at 1934. "In order to show the type of 'miscarriage of justice' that will excuse a procedural bar, a petitioner must make a colorable showing of actual innocence." *Crawford v. Head,* 311 F.3d 1288, 1327 (11th Cir. 2002) (quoting *Isaacs v. Head,* 300 F.3d 1232, 1255 (11th Cir. 2002)). "[T]enable actual-innocence gateway claims are rare." *McQuiggin,* 133 S.Ct. at 1928. The petitioner must satisfy the *Schlup* standard, *McQuiggin,* 133 S.Ct. at 1928 (citing *Schlup v. Delo,* 513 U.S. 298 (1995)), by demonstrating that constitutional error "probably resulted" in the conviction of one who is actually innocent. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not

presented at trial." *Schlup,* 513 U.S. at 324. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.,* 513 U.S. at 315–17. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt." *Id.,* 513 U.S. at 329. "The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent." *Id.,* 513 U.S. at 329 (citing *Bousley v. United States,* 523 U.S. 614, 623 (1998) ("'actual innocence' means factual innocence, not mere legal insufficiency"); *see also House v. Bell,* 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

Jackson has not made the requisite showing under *McQuiggin* and *Schlup* to warrant application of the miscarriage of justice exception to the statute of limitations bar. He did not advance his claims within a reasonable time of their availability, and thus is not entitled to equitable tolling. Further, in his Petition, Jackson claims that he is unable to write and has only learned to read minimally in the last two years. He alleges that he was required to rely on jailhouse lawyers and the advice from retained counsel. He contends that even with due diligence he could not have discovered that his "post-counsel (and/or jailhouse lawyers') errors caused any default of meritorious claims and prevented them from being raised initially." ECF No. 1, p. 34.

Jackson claims that he is entitled to equitable tolling because he has limited reading and writing skills that have only recently been developed. This contention does not constitute an exceptional circumstance for the purposes of equitable tolling. *See United States v. Sosa*, 364

6

F.3d 507, 512 (4th Cir. 2004) (ignorance of the law is not a basis for equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the law due to illiteracy or self-represented status does not toll the limitations period).

Thus, Jackson has otherwise failed to demonstrate any ground on which equitable tolling applies. His petition for habeas corpus relief is time-barred under 28 U.S.C. § 2244(d)(1)(A-D) and will be dismissed and denied with prejudice.

### B. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an apppeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling," *Id*. at 478.

Jackson's claims are dismissed on a procedural ground, and, upon review of the record, this court finds that Jackson has not made the requisite showing. The court therefore declines to issue a certificate of appealability. Jackson may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th

Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus will be dismissed with prejudice as time-barred and the court declines to issue a Certificate of Appealability. The Court also denies the motion for appointment of counsel. A separate Order shall issue.


Date: September 7, 2017 _____/s/_____
DEBORAH K. CHASANOW
United States District Judge